IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MIGUEL QUINTERO-ENRIQUES,** | : |
| | : |
| Petitioner, | : |
| | : CIVIL ACTION NO. 18-00348-KD-B |
| vs. | : |
| | : |
| **BALDWIN COUNTY DETENTION CENTER,** | : |
| | : |
| Respondent. | : |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner Miguel Quintero-Enriques' habeas petition pursuant to 28 U.S.C. § 2254. (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned finds that the record is adequate to dispose of this matter; thus, no evidentiary hearing is required. Upon consideration, it is recommended that the instant case be dismissed without prejudice as duplicative.

A review of the Court's records reveals that in Criminal Case No. 16-00212-WS, Petitioner Miguel Quintero-Enriques was convicted in this Court under the name of Pedro Quintero-Enriques, aka Miquel Angel Quintero, after pleading guilty to illegal re-entry of removed alien and felon in possession of a firearm. See United States v. Pedro Quintero-Enriques, Criminal Case No. 16-00212-WS, Doc. 46. On November 17, 2017, Quintero-Enriques was sentenced to 108 months on each count, with the sentences to run concurrently.

Id. at Doc. 56.  Subsequent thereto, Quintero-Enriques filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Id. at Doc. 81.  In the motion, which remains pending, Quintero-Enriques raised several claims of ineffective assistance of counsel with respect to his trial counsel.  Id.

In the instant case, Quintero-Enriques is seeking to attack the same federal conviction and sentence referenced above on the vague ground that the supporting officers in the underlying criminal case lied.  The undersigned notes, as a threshold matter, that because Quintero-Enriques is seeking to attack his federal conviction and sentence, he cannot proceed under 28 U.S.C. § 2254.  A federal court may only issue a writ of habeas corpus under 28 U.S.C. § 2254 where a person is in custody pursuant to a judgment of a state court and is being held in violation of his rights under federal law.  28 U.S.C. § 2254(a).  Because Quintero-Enriques is attacking his federal conviction and sentence, he cannot proceed under 2254.[1]

The undersigned recognizes however that federal courts must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief.  Means

---

[1] While it appears that Quintero-Enriques is currently in custody at the Baldwin County Detention Center in connection with pending state charges, his federal conviction and sentence are the focal point of his instant petition.

v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000). Regardless of the label that Quintero-Enriques has attached to his petition, he is challenging his federal conviction and sentence in Criminal Case No. 16-00212-WS; thus, his petition must be construed as a habeas claim under 28 U.S.C. § 2255. As noted, however, Quintero-Enriques also has a pending § 2255 habeas petition in Criminal Case No. 16-00212-WS (also referenced as Civil Action No. 18-00105-WS). Given that both of Quintero-Enriques' petitions seek to attack the same federal conviction and sentence, the undersigned recommends, in the interest of judicial economy, that the instant case be dismissed without prejudice as duplicative and be administratively closed.[2] Wallace v. Florida, 2016 U.S. Dist. LEXIS 66762, at *3, 2016 WL 2958462, at *1 (N.D. Fla. Apr. 19, 2016)("Plaintiff may not, of course, pursue two separate habeas corpus actions challenging the same conviction. Because Plaintiff's right to seek habeas relief has been preserved by the earlier-filed habeas case, . . . the better course is to dismiss the instant case as duplicative . . . .").

## CONCLUSION

For the foregoing reasons, it is recommended that in the interest of judicial economy, Quintero-Enriques' petition in this

---

[2] Any additional arguments that Quintero-Enriques seeks to raise should be pursued by filing a motion for leave to amend his original § 2255 action in Criminal Case No. 16-00212.

case (Doc. 1) be dismissed without prejudice as duplicative and that this action be administratively closed.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination

is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **5th** day of **October, 2018.**

                                            **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**